**In the Matter of the WELFARE OF L.R.B.**

**No. C1–85–415.**

Court of Appeals of Minnesota.

Aug. 20, 1985.

Thomas L. Johnson, Hennepin Co. Atty., J. Michael Richardson, Asst. Co. Atty., Minneapolis, for State.

William R. Kennedy, Hennepin Cty. Public Defender, Philip D. Bush, Asst. Public Defender, Minneapolis, for L.R.B., appellant.

Heard, considered, and decided by RANDALL, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

L.R.B. appeals from the trial court order adjudicating him delinquent, claiming the court erroneously refused to suppress his confession. We affirm.

## FACTS

On October 30, 1984, while she was at work, Betty Greene's Minneapolis home was broken into and robbed. When she arrived at home, she discovered halloween candy had been strewn around the living room; a radio/tape player, cassette tapes, and a collection of novelty shoelaces belonging to one of her sons were missing. The burglar gained access by tearing a screen off the basement window.

On November 5, 1984, Officer Merchant questioned a juvenile (L.R.B.), in custody on an unrelated matter, about the burglary at Greene's house. As was his normal practice with juveniles, Officer Merchant advised L.R.B. of his *Miranda* rights from memory, rather than reading them from a card. He gave the rights twice, once in a formal manner, and a second time explaining them in an informal way.

During the interview, L.R.B. stated that he understood his rights. Although he was represented by a public defender on the matter for which he was then in custody, he waived his right to call an attorney to be present during questioning. L.R.B. confessed that he had burglarized Greene's home and stolen the radio/tape player, tapes, and shoelaces.

Officer Merchant had known L.R.B. for over a year through previous incidents and through his job as a liaison officer in the school L.R.B. attends. He testified that during the time he has known L.R.B., he had taken him under his wing.

At the Rasmussen hearing, L.R.B. testified that Officer Merchant neither read him his rights nor told him he had a right to have an attorney present during questioning.

The trial immediately followed the Rasmussen hearing. The trial court found that Officer Merchant had given L.R.B. an exemplary statement of his *Miranda* rights, and that L.R.B. had voluntarily waived his rights. Based on the evidence presented, the court adjudged L.R.B. delinquent. L.R.B. appeals from the order.

## ISSUE

Did the trial court err in admitting L.R.B.'s confession, given after an informal reading of his *Miranda* rights?

## ANALYSIS

L.R.B. first argues that the *Miranda* warning given by Officer Merchant was

defective under Rule 6.01, Minn.R.Juv.Ct., which states:

> A confession, admission or other statement given by a child who is in custody for a delinquent act, petty matter, probation or parole violation, which is given as a result of an interrogation by a peace officer * * * is admissible in court during a hearing concerning the child's delinquency * * * to the extent a statement is admissible against an adult defendant in a criminal matter, only after an advisory and waiver pursuant to Rule 6.01, Subd. 1 and Subd. 2.

*Id.*

Rule 6.01, subd. 1, governing advising children of their constitutional rights, states:

> A child shall be advised of the child's constitutional rights to the same extent that an adult in a criminal matter is advised prior to custodial interrogation by a police officer. *The advisory shall include but is not limited to the following:*
>
> (a) the child has the right to remain silent, and
>
> (b) anything the child says can and will be used against the child in a court of law, and
>
> (c) the child has the right to an attorney before and during any questioning, and
>
> (d) if the child cannot afford an attorney one will be appointed for the child by the court.

Rule 6.01, subd. 1, Minn.R.Juv.Ct. (emphasis added). The rules also require any waiver of the right to remain silent or the right to have an attorney present during questioning must be voluntarily and intelligently made. Rule 6.01, subd. 2, Minn.R. Juv.Ct.

Officer Merchant testified that, as a rule, when advising children of their rights, he liked to first give a formal statement of rights and then explain them in an informal advisory fashion, talking to the child at the child's level. He testified that he takes a child step-by-step and then "ad libs," or puts the rights in his own words, to better help the child understand.

He testified that he advised L.R.B. as follows:

> I advised him that he had the right to remain silent. Anything he said could and would be used against him in a court of law. He had the right to an attorney. If he could not afford an attorney one would be appointed for him at no cost. I further explained to [L.R.B.] that we have known each other for a long time and if he wanted to talk to me he could. If he did not wish to talk to me, he didn't have to talk to me.

Later during his testimony, he elaborated on his method of advising children:

> I would like to—I don't know if this is correct or not—but kind of bring myself down to the youngster that I am talking to, on their level, and rather than "You have the right to an attorney; you have the right to remain silent;" look, you can tell me, and you don't have to tell me anything without a lawyer. Now, obviously, right here we don't have a lawyer present. If you don't want to tell me anything without a lawyer, I will no longer ask you any more questions about this thing.

Appellant disputes the State's contention that this recitation satisfies the dictates of Rule 6.01.

■ Rule 6.01 does not require a verbatim reading of a *Miranda* card. It requires a child be advised *to the same extent* as an adult would be prior to custodial interrogation.

L.R.B.'s testimony that he was not read his *Miranda* rights conflicts with his attorney's argument on appeal that L.R.B. was given a defective warning that failed to advise L.R.B. of his right to have an attorney present during questioning.

Admittedly, there are problems with Officer Merchant's procedure. He neither took notes nor made a recording of his interview with L.R.B. To ascertain exactly what he said to L.R.B., we are forced to rely on his memory of the events. How-

ever, the trial court was able to judge the credibility of the witnesses and accepted Officer Merchant's version of the facts.

 After hearing all the testimony, the trial court found that Officer Merchant gave an exemplary *Miranda* warning. The court's findings of fact will not be set aside unless clearly erroneous. *State v. Vail,* 274 N.W.2d 127, 133 (Minn.1979). Under these facts, the trial court's finding was not error.

L.R.B.'s attorney also argues that L.R.B. did not knowingly and voluntarily waive his *Miranda* rights. This claim is based on the theory that L.R.B. did not understand the *Miranda* warning. Again, this is not L.R.B.'s testimony. He testified that Officer Merchant did not give him his rights:

Q: You heard Officer Merchant say today that he told you what your rights were, didn't you?

A: Yes.

Q: And you are saying that he never said any of that?

A: Uh-huh, yes.

Q: So your testimony is he walked right in and started asking you about this burglary?

A: Uh-huh.

Q: So Officer Merchant made up that part of what he said?

A: Yes.

 The determination of whether in-custody statements are admissible against the accused requires an inquiry into the totality of the circumstances. *Matter of Welfare of M.D.S.,* 345 N.W.2d 723, 731-2 (Minn.1984). This inquiry necessitates making two distinct determinations whether the waiver was voluntary and whether it was knowing and intelligent. *Id.* (citations omitted). The burden of proof is on the State and is a heavy burden. *Id.* (citations omitted).

Appellant introduced evidence showing that L.R.B. is fourteen years old, has a low normal I.Q., is significantly below grade in school, does not respond well to verbal approach, has difficulty understanding and did not understand what was happening with Officer Merchant, and—although L.R.B. had been arrested on several prior occasions—prior court contact does not necessarily lead to a better understanding of rights. Considering these factors in the totality of the circumstances, appellant argues that the court's finding that L.R.B. made a voluntary, intelligent waiver was erroneous.

Appellant relies heavily on sociological studies and law review articles, particularly T. Grisso, *Juvenile's Waiver of Rights: Legal and Psychological Competence* (1981). Professor Grisso found that juveniles were much more likely than adults to waive their rights. Grisso's research revealed that children who had prior experience with the juvenile justice system were no more likely to understand the *Miranda* warning than juveniles with no experience. Among black children, understanding of *Miranda* rights decreased as the number of felonies increased. *Id.* at 83.

 The totality of the circumstances approach mandates inquiry into all the circumstances surrounding the interrogation:

This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.

*State v. Nunn,* 297 N.W.2d 752, 755 (Minn. 1980) (quoting *Fare v. Michael C.,* 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979)).

 To determine whether L.R.B.'s confession was voluntary, the trial court must examine the totality of the circumstances as to whether the confession was coerced in some way. *M.D.S.,* 345 N.W.2d at 732. Appellant's references to Professor Grisso's and other studies, while enlightening, do not aid in determining whether L.R.B.'s confession was legally obtained after a voluntary intelligent waiver of his rights. The research is very general and appellant presented no evidence to show that the conclusions applied to L.R.B. specifically. Moreover, appellant's argu-

ment conflicts with his own testimony that Officer Merchant did not give him his rights. The trial court accepted some argument from appellant about the Grisso study but ultimately found, based on the evidence, that L.R.B. understood the warning and voluntarily waived his rights.

 The record demonstrates that the court considered all of the factors listed in *State v. Nunn* as well as appellant's evidence on the Grisso study. The court had before it and considered the dispositional report of Dorothy Delegard and report of psychologist Grace Hong, both containing information about L.R.B.'s education, background and psychological profile; Officer Merchant's notes on the interview made several days after the interview, as well as Officer Merchant's and L.R.B.'s testimony. The evidence was sufficient to support the trial court's findings.

Finally, appellant argues that Article 1, Section 7 of the Minnesota Constitution requires consultation with an interested adult before a juvenile can properly waive his right to silence or to have counsel present during questioning.

Appellant admits this is not now the law in Minnesota. Furthermore, appellant did not raise this issue at the Rasmussen hearing. Appellant raised three arguments in his motion to suppress: that the officer did not have probable cause to believe L.R.B. had committed the burglary, that L.R.B.'s right to counsel was violated, and that L.R.B.'s waiver of his right to silence was not voluntary when considered in the totality of the circumstances.

While it is true appellant argued at the hearing that the absence or presence of an attorney or a parent is a factor to be considered in the totality of the circumstances, he did not raise the matter as a constitutional violation. Failure to raise the issue at the hearing bars raising that issue on appeal. Popovich & Niles, *A Practitioner's Guide to Bringing an Appeal in the Minnesota Court of Appeals*, 11 Wm. Mitchell L.Rev. 627, 634 (1985) (citing *Morton v. Board of Commission-*

*ers*, 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974)).

## DECISION

The trial court did not err in admitting L.R.B.'s confession, given after an informal recitation of his *Miranda* rights.

Affirmed.